IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JACQUELINE D. HORNER,           )<br>                                 )<br>        Plaintiff,               )<br>                                 )<br>    v.                           )<br>                                 )<br>RAM FOODS INC.,                  )<br>                                 )<br>        Defendant.               )  | No. 1:18-cv-452 (LMB/JFA) |

## ORDER

Before the Court is defendant Ram Foods, Inc.'s ("defendant" or "Ram Foods") Motion to Dismiss [Dkt. No. 4], which was filed on April 26, 2018 with an appropriate notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying pro se plaintiff Jacqueline D. Horner ("Horner") that she was entitled to file a response within twenty-one days and that the Court could dismiss plaintiff's Complaint on the basis of defendant's filings if plaintiff did not respond. As of the close of business on May 21, 2018, plaintiff has not filed a response to the Motion to Dismiss. The Court has reviewed defendant's Motion and the accompanying brief and finds that it establishes good cause for the requested relief because plaintiff has failed to allege sufficient facts to state a plausible claim for relief. Specifically, plaintiff's Complaint, which has been removed to this court from Prince William County General District Court [Dkt. No. 1], consists of two documents, a Warrant in Debt [Dkt. No. 1-1] and a Bill of Particulars [Dkt. No. 1-6]. The Warrant in Debt contains no substantive information except an allegation that Ram Foods owes Horner $25,000. The Bill of Particulars states, in its entirety:

    1. Claim for Benefits
    Virginia Worker's Compensation Commission
    9-29-2016 to 12/25/2017
    2. Virginia Employment Commission

11/05/16 – 11/19/16 , 05/28/17 through 06/17/17
Lost Wages
3. Human Rights Commission Charge of Discrimination
Equal Employment Opportunity Commission
4. Medical Bills, Personal Bills
5. Pain and Suffering

[Dkt. No. 1-6].

Under Fed. R. Civ. P. 12(b)(6), a civil action must be dismissed if the complaint does not "contain sufficient facts to state a claim that is 'plausible on its face.'" E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although the Court must assume for the purposes of deciding defendant's motion that all "well-pleaded allegations" are true and must "view the complaint in the light most favorable to the plaintiff," Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009), allegations that are merely conclusory need not be credited, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Even reading the Warrant in Debt and the Bill of Particulars with the deference required in light of plaintiff's pro se status, neither document provides any factual allegations, much less sufficient factual allegations to support a plausible claim for relief.

Although the Warrant in Debt and Bill of Particulars themselves do not contain factual allegations, the basis for plaintiff's claims is more fully explained in the documents that she attached to the Bill of Particulars [Dkt. No. 1-6]. Having reviewed these documents, it appears that plaintiff is seeking to claim Virginia Workers' Compensation and Unemployment benefits, as well as assert a claim under Title VII, 42 U.S.C. § 2000e et seq., for injuries and lost wages related to her allegedly being tripped by a supervisor at work. Even if all of the factual allegations in these documents had been incorporated into plaintiff's Complaint, it still would not state a plausible claim for relief. With respect to the Workers' Compensation and Unemployment claims, Virginia law provides for initial administrative processing of such claims and for a process of judicial

review in the Virginia Court of Appeals (for appeals from administrative decisions on workers' compensation claims) or the Virginia circuit courts (for appeals from administrative decisions on unemployment benefit claims). See Va. Code. §§ 60.2-625, 65.2-706. Even assuming that plaintiff appropriately exhausted the administrative process with respect to both of these claims, she did not seek judicial review in the appropriate state courts but instead filed a Warrant in Debt against her employer in General District Court. Given the judicial review process laid out in the relevant statutes, the General District Court—and, by extension, this court—does not have jurisdiction over plaintiff's collateral suit against her employer. With respect to the Title VII claim, plaintiff has not included any plausible allegations that she was tripped or otherwise discriminated against on account of her membership in a protected class. Therefore, she has failed to allege a plausible violation of Title VII. See Tohotcheu v. Harris Teeter, Inc., No. 1:11-cv-767, 2011 WL 5873074, at *3 (E.D. Va. Nov. 22, 2011).

 Accordingly, defendant's Motion to Dismiss [Dkt. No. 4] is GRANTED, and it is hereby ORDERED that plaintiff's Complaint be and is DISMISSED.

 To appeal this decision, plaintiff must file a written Notice of Appeal with the Clerk of this Court within 30 days of the date of the entry of this Order. A written Notice of Appeal is a short statement indicating a desire to appeal an order, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely Notice of Appeal waives plaintiff's right to appeal this decision.

 The Clerk is directed to enter judgment in defendant's favor pursuant to Fed. R. Civ. P. 58, close this civil action, and forward copies of this Order to counsel of record and plaintiff, pro se.

 Entered this 22 day of May, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3